IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FIDEL MEJIA,<br><br>     Petitioner,<br><br>v.<br><br>DENNIS SORENSEN,<br><br>     Respondent. | Case No.  2:13-CV-292 TS<br><br>MEMORANDUM DECISION<br>AND ORDER<br><br>District Judge Ted Stewart |

Before the Court are Petitioner's petition for writ of habeas corpus and Respondent's

motion to dismiss.  (*See* Docket Entry #s 4 & 9.)  After careful review of all pleadings and

parties' arguments, including Petitioner's response to the motion to dismiss, (*see* Docket Entry #

14), this Court concludes that the Petition is untimely. The Court therefore denies the Petition.

## BACKGROUND

Petitioner was convicted on several counts of sexual crimes against a child.  The Court of

Appeals denied Petitioner's appeal on October 18, 2007.  *State v. Mejia*, 2007 UT App 337.

The Utah Supreme Court denied Petitioner's petition for writ of certiorari on February 21, 2008.

*See* 186 P.3d 957 (Utah 2008).  Petitioner filed this habeas corpus petition on May 23, 2013.

(*See* Docket Entry # 4.)  He argues, as he did in state court, that his right to a speedy trial was

violated.  (*See id.* at 5-9.)  Mejia appears to recognize the untimeliness of the petition, because he

raises what amounts to a request for equitable tolling.  (*See id.* at 4-5.)  He argues that his state

public defender did not inform him until December 2011 that his petition for writ of certiorari

was denied.  *See id.*

## ANALYSIS

### 1.  THIS PETITION IS UNTIMELY

Section 2244(d)(1) provides that a one-year period of limitation applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C.S. § 2244(d)(1) (2013).  The one-year limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* §2244(d)(1)(A).  Finality of a state court judgment occurs at the expiration of certiorari time.  *Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001).

In this case, the Utah Supreme Court denied Petitioner's petition for writ of certiorari on February 21, 2008.  *See* 186 P.3d at 957.  The statute of limitations thus started running on May 21, 2008, the day that his time to petition for writ of certiorari to the United States Supreme Court expired.  *See Locke,* 237 F.3d at 1271.  The one-year time limit thus expired on May 21, 2009.  Petitioner did not file his federal habeas petition until May 23, 2013.  Thus, his petition is about four years too late.

### 2.  TOLLING ANALYSIS

The federal habeas one-year limitation period has generally been considered a procedural bar and not a jurisdictional bar.  This means that it can, in an appropriate exceptional circumstance, be equitably tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  However, Petitioner (a) did not diligently pursue his rights after discovering his alleged basis for equitable tolling; and (b) is simply not entitled to equitable tolling.

### A.  Even if the period of limitation were equitably tolled based on defense counsel's failure to inform Petitioner, the petition is untimely.

Assuming *arguendo* that the Court granted Petitioner's request for equitable tolling (on the basis of counsel's failure to inform him of the Utah Supreme Court's decision), Petitioner nevertheless waited almost a year and a half from the time he discovered the state-court disposition before filing his federal habeas petition.  According to Margaret Lindsay, Petitioner's public defender on appeal, she told Petitioner, on December 30, 2011, about the certiorari denial. (*See* Docket Entry # 4-1.)  He still did not file the petition until May 23, 2013.

Petitioner offers no explanation why he waited so long before filing this petition.  Even if this Court granted equitable tolling for the time he did not know the state court disposition of his case, such tolling does not justify Petitioner waiting another seventeen months to file his petition. Even with equitable tolling, Petitioner had only until December 30, 2012, to timely file the current petition.  Thus, even assuming equitable tolling, this petition comes five months too late, and the petition would be dismissed with prejudice because it is untimely.

### B. In any event, Mejia cannot meet his burden to establish entitlement to equitable tolling because he was not diligent.

The petitioner bears the burden of proof of entitlement to equitable tolling.  *Pace*, 544 U.S. at 418.  The federal habeas period of limitation "is subject to equitable tolling only 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'"  *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (quoting *Marsh*, 223 F.3d at 1220); s*ee also Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001).   Petitioner has not met this burden.

Equitable tolling is available only when the petitioner meets the "high hurdle" of showing that 1) extraordinary circumstances 2) beyond the petitioner's control 3) made it impossible to file the petition on time. *Henderson v. Johnson*, 1 F.Supp. 2d 650, 653 (N.D. Tex, 1998) (citing *Calderon v. United States Dist. Ct.,* 128 F.3d 1283, 1288 (9th Cir. 1997) (on petition for writ of mandamus)). No extraordinary circumstances beyond his control made it impossible for Petitioner to file his petition on time.

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation marks and citation omitted); *see Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001). Those circumstances include when a "prisoner is actually innocent" or "when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808. Petitioner has not claimed that he is actually innocent.

Petitioner's claim that defense counsel did not inform him of the state-court disposition of his case until December 30, 2011, does not, by itself, establish entitlement to equitable tolling because he does not demonstrate that he diligently pursued his rights. He claims his attorney did not tell him that certiorari was denied until December 30, 2011, more than four years after the Utah Court of Appeals affirmed his conviction. But he makes no claim that he made any efforts in the meantime to discover the state court disposition, either by contacting his attorney, or by seeking information from the court or from the prison contract attorneys. Nor does he claim that he made any efforts to file his habeas petition soon after discovering the state disposition.

Petitioner could have inquired, but apparently did not inquire, sooner about the status of his case.  Because Petitioner did not exercise diligence in pursuing his rights, he cannot meet his burden to establish entitlement to equitable tolling.  *See, e.g., LaCava v. Kyler*, 398 F.3d 271, 276-78 (3d Cir. 2005) (holding no extraordinary circumstances justified equitable tolling for attorney's failure to forward disposition, and petitioner did not exercise due diligence in waiting twenty-one months to inquire); *cf. Diaz v. Kelly,* 515 F.3d 149, 155 (2d Cir. 2008) (holding delay in notification of state disposition could equitably toll AEDPA statute of limitations during the delay period, but only because petitioner diligently inquired about status); *Johnson v. U.S.*, 544 U.S. 295, 311 (2005) (holding lack of diligence will defeat an otherwise meritorious claim for equitable tolling).  Thus, this Court will not equitably toll the statute of limitations.

**C.  The fact that Petitioner is *pro se* does not entitle him to equitable tolling.**

The fact that petitioner is acting *pro se* is not sufficient grounds for equitable tolling of the AEDPA time limitation.  The principle of liberal construction of *pro se* pleadings does not equate to liberal deadlines.  *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).  Deficiencies related to a petitioner's lack of knowledge and expertise are not sufficient for equitable tolling.  *Marsh*, 223 F.3d at 1220.

The fact that a petitioner may not have known about the one-year limitation period is also not grounds for equitable tolling.  *Miller*, 141 F.3d at 978.  The United States Supreme Court has stated that it has never found *pro se* representation or procedural ignorance an excuse for lack of diligence.  *Johnson,*544 U.S. at 311.

Petitioner replied to Respondent's motion to dismiss, arguing that two factors weigh in favor of equitable tolling.  (*See* Docket Entry # 14.)  First, he claims his poor English language

abilities "prevented him from being able to articulate his claims properly." (*Id.* at 1.) Second, he claims "counsel failed to notify him of the time limits of the AEDPA—and didn't even notify him his claim was [denied] until after AEDPA was tolled [sic] on certiorari." (*Id.*)[1]

Petitioner's response adds nothing new to his original claim for equitable tolling and does not address Respondent's arguments. He previously asserted an inability to understand and articulate his rights, and that appellate counsel informed him too late of the state court disposition. Neither of these claims could excuse Mejia's tardiness in filing a petition even after counsel told him of the state disposition. And the claims do not excuse Mejia's own lack of diligence in asking about the state disposition over several years before counsel told him his petition for certiorari had been denied. *See, e.g., LaCava*, 398 F.3d at 276-78 (holding no extraordinary circumstances justified equitable tolling for attorney's failure to forward disposition, and petitioner did not exercise due diligence in waiting twenty-one months to inquire); *cf. Diaz*, 515 F.3d at 155 (holding delay in notification of state disposition could equitably toll AEDPA statute of limitations during the delay period, but only because petitioner diligently inquired about status); *Johnson*, 544 U.S. at 311 (holding lack of diligence will defeat an otherwise meritorious claim for equitable tolling).

Nor does Petitioner's allegedly poor English ability excuse his late filing. He has demonstrated an ability to pursue federal habeas relief by filing a petition and a reply memorandum that fully articulate rights, refer to appropriate authorities, and frame a theory for obtaining relief.

---

[1] Petitioner also argues that the "State already acknowledges that counsel was ineffective." Doc. no. 14 at 2. However, Respondent never conceded ineffective assistance. The import of Respondent's motion to dismiss is that ineffective assistance of counsel, even if present, does not excuse Petitioner's tardiness in pursuing a remedy for that very claim of ineffectiveness.

Assuming Spanish is Petitioner's first language and he struggles with English, in a very similar situation in *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citations omitted), the Tenth Circuit rejected the petitioner's equitable-tolling argument. Discussing the "extraordinary circumstances" prong, the court observed,

> We do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of pro se prisoners, whether or not they have English deficits. Even less surprising is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the . . . Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language. Indeed, Yang does not allege he can read [his preferred language]. Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.

*Id*. at 930.

As to the diligent-effort prong, the court pointed out that Yang had not specifically identified "the steps he took to diligently pursue his federal claims." *Id.* As in *Yang*, Petitioner's conclusory statements about diligently pursuing his rights "will not suffice." *Id.*

Of interest here, in *Yang*, the Tenth Circuit went on to note, "We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment and diligent efforts to overcome his or her impediment. Thus, in no instance have we found a language barrier justifying equitable tolling." *Id.* at n.5

Petitioner has not met his burden of showing that—during the running of the federal period of limitation and beyond—he faced extraordinary circumstances or took specific steps to "diligently pursue his federal claims." *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

## CONCLUSION

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied

because it is untimely and because Petitioner is not entitled to equitable tolling.  The petition is

dismissed with prejudice.

The Clerk of the Court is directed to close this case forthwith.

DATED this 27th day of January, 2014.

BY THE COURT:

_____

CHIEF JUDGE TED STEWART
United States District Court